## In re LITTLE NICK OIL CO.

No. 29395. March 19, 1940.

Rehearing Denied May 14, 1940.

*102 P. 2d 137.*

Hatcher & Bond, of Chickasha, for Little Nick Oil Company.

Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for State Board of Equalization.

BAYLESS, C. J. Little Nick Oil Company, a corporation, appeals from the order of the State Board of Equalization in assessing its property for ad valorem taxation at a value of $20,000.

In 1939, Little Nick filed with Oklahoma Tax Commission a return of its pipe line properties in Grady and Caddo counties, wherein it enumerated 4½ miles of pipe line at an estimated value of $9,050.

May 23, 1939, the board adopted the recommendation of the Tax Commission as to values, including the following: "Little Nick Oil Company, $20,000."

Little Nick duly protested the assessment on the ground that it was excessive. A hearing thereon was had at which evidence was received, and the protest was overruled. At this hearing it developed that the $20,000 was arrived at as follows: Pipe line properties, $15,000, and one rotary drilling rig, $5,000. Little Nick thereafter protested the inclusion of the rotary drilling rig among its properties, and further attempted to have the matter reopened for further hearing thereon, but without success.

Little Nick presents two assignments, and the state's brief consists of answers thereto. These assignments read:

"That the assessment made by said State Board of Equalization on the pipe line owned by the Little Nick Oil Company in Caddo county, Okla., for the purpose of ad valorem taxation, is in excess of its fair cash value.

"That the oil drilling outfit which was assessed for the purpose of ad valorem taxation by the State Board of Equaliation at $5,000 does not belong to the Little Nick Oil Company, but belongs to John B. Nichlos personally and was so returned to the county assessor of Caddo county, Okla., and the erroneous assessment should be corrected and stricken as to the oil drilling outfit, and the county assessor should be requested to reinstate the assessment of said drilling outfit on the rolls of Caddo county, Okla."

With respect to the second assignment, Little Nick argues that the evidence does not support the finding that the drilling rig is the property of the company, but in fact impels the finding it is the personal property of one Nichlos. The state controverts this, and argues that this item is shown to be the property of Little Nick Oil Company, and because this company is a public service corporation whose property is assessable by the board exclusively, the finding with respect to the ownership and value of the drilling rig is sustained by the evidence and law.

We do not agree.

The evidence of the state with respect to this issue consists of the testimony of an agent of the Tax Commission, reading:

"* * * The man in charge said it did belong to Little Nick Oil Company and the property belonging to this company is assessable by the board rather than the county assessor. If a part of it is assessable by the board, all of it is. I haven't checked to see whether or not the assessment was made in Caddo county. I did check in Grady county. This drilling equipment was not assessed this year, and was not last year, and never has been."

We think it must be obvious that this evidence is weak, but if unopposed, is probably sufficient to support a finding. It is subject to be overcome by any direct evidence on the part of one in the position to have knowledge of title.

We think that the state's showing is overcome by all that is a part of the record before us. The drilling rig had not been assessed previously by the board. It was not included in the return of Little Nick to the board. It was not mentioned in any of the assessment proceedings prior to the hearing, and apparently no one knew it was included among the assessable properties of Little Nick until the testimony of the Tax Commission's agent disclosed the fact. It was listed on the personal tax rolls of Caddo county as property of Nichlos, and it can be seen there was a grave likelihood that it would have appeared on two tax rolls. Nichlos offered affidavits of himself and his agent concerning the title to the rig, but the board rejected these as insufficient to justify reopening the matter of revising its previous order. We do not think the evidence sustains the finding that this rig is the property of Little Nick, and under the record before us must be excluded from its assessable property.

The contention of Little Nick that the $15,000 valuation on the pipe line is excessive is untenable. There was direct and positive evidence to support this finding. The estimated value placed on the 4½ miles of pipe line returned by Little Nick is in excess of the proportionate value placed on the entire system by the board. If there are any differences in quality or other factors that would explain this difference, Little Nick has not called them to our attention. We think the board's finding in this respect is sustained by the weight of the evidence.

The assessment of $5,000 is vacated, and the cause remanded.

WELCH, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.